**In re HAWKINS, Jerry A. and Hawkins, Jerline E., Debtors.**

**Bankruptcy No. 89–00365–7.**

United States Bankruptcy Court,
D. Idaho.

Aug. 14, 1992.

William R. Hollifield, Hollifield, Tolman & Bevan, Twin Falls, Idaho, for Trustee.

Lloyd J. Walker, Twin Falls, Idaho, for fourteen individual claimants.

Regional Trust Department, Twin Falls, Idaho, for West One Bank.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

L.D. Fitzgerald, trustee of the chapter 7 estates of Jerry and Jerline Hawkins ("debtors"), objects to certain proofs of claim filed by West One Bank, Idaho, N.A. ("West One"), and several individual bean growers. The proofs of claim, filed by West One as trustee and/or agent, are: No. 55, on behalf of Tom and Jayne Crocker; No. 56, on behalf of the Loren Drake Estate; No. 57, on behalf of Loren and Lura Lee Farmer *et al;* No. 58, on behalf of Lloyd Griffin *et al;* No. 27, on behalf of the John Crockett Estate; and No. 28, on behalf of Asher Wilson, Jr. *et al.* Fourteen individual bean growers also submitted claims through Lloyd Walker ("Walker group"). (Hereinafter, these parties are collectively referred to as "claimants").

Jerry Hawkins was a director, officer, and president of Hawkins Co., Ltd. Claimants deposited beans with Hawkins Co., Ltd.; they allege Jerry Hawkins, acting outside the scope of his employment, wrongfully converted or otherwise caused the loss of these beans. Claimants contend Jerry Hawkins is individually liable for these losses, and that there is no need to pierce the corporate veil. Claimants also allege they are entitled to a priority under section 507(a)(5)(A) of the Bankruptcy Code, granting a priority to grain producers against the operators of a grain storage facility for grain or grain proceeds.

The trustee has objected to these claims on three basic grounds. First, the trustee contends there is insufficient evidence on the record to support the individual liability of debtors. Second, the trustee alleges the claimants submitted these claims against the corporate estate in the Hawkins Co., Ltd. chapter 11 case, and received payment on their claims. Third, the trustee alleges the claims are actually against Hawkins Co., Ltd., and not the debtors.

 First, the trustee argues there is insufficient evidence on the record to support the claimants allegation of individual liability by the debtors. Jerry Hawkins was charged with and has pleaded guilty to a violation of Idaho Code § 18–1905. The trustee contends this charge involves the falsification of corporate records, not willful and malicious conversion of the debtor's property. Rule 3001, however, provides the proof of claim itself constitutes *prima*

*facie* evidence of the validity and amount of the claim. F.R.B.P. 3001(f).[1]

"Inasmuch as Rule 3001(f) and section 502(a) provide that a claim or interest as to which proof is filed is 'deemed allowed,' the burden of initially going forward with the evidence as to the validity and the amount of the claim is that of the objector to that claim. In short, the allegations of the proof of claim are taken as true.... Thus, it may be said that the proof of claim is some evidence as to its validity and amount. It is strong enough to carry over a mere formal objection without more." [2]

The trustee bears the burden of coming forward with some evidence to defeat the presumption that the proof of claim is sufficient. Since the proofs of claim constitute prima facie evidence of their validity, the exact nature of the charges to which Jerry Hawkins pleaded guilty is irrelevant. There is no requirement that Jerry Hawkins have suffered a conviction to support his tortious liability to the claimants. Since the guilty plea is not inconsistent with Jerry Hawkins' personal liability to the claimants, the trustee's argument fails to rebut the presumption the claims are valid.[3]

■ Trustee's argument that the debts are debts of Hawkins Co., Ltd., and not of Jerry Hawkins individually, must be rejected. Claimants have alleged Jerry Hawkins, in his individual capacity and outside of the scope of his employment, committed a tort against the claimants.

In *Frontier Milling & Elevator Co. v. Roy White Co-operative Mercantile Co.*, 25 Idaho 478, 138 P. 825 (1914), the Supreme Court of Idaho dealt with a case very similar to the one at bar. There, grain was deposited with the defendant for storage. The managing agent of the defendant allegedly embezzled the grain, and the directors allegedly knew of the embezzlement and permitted it to continue. Plaintiff, the assignee of the warehouse receipts for the grain, brought an action against both the corporation and its directors for the value of the grain. In overturning the demurrers sustained at the trial level, the court held:

The directors of a corporation are its agents, and occupy a fiduciary relation to it. They are therefore held to the exercise of good faith in all dealings with the public in connection with the business of the corporation, and, if they are guilty of official mismanagement or official misconduct in connection with their duties as such directors, they are personally liable to the party injured. They are answerable for ordinary negligence. This means that they are required to give the business of the corporation that care that every man of common prudence takes of his own concerns, and, if the wrongful conversion of the grain and the other produce of the appellant was caused or suffered by reason of the wrongful and careless conduct on the part of the directors, they cannot shift their responsibility.

25 Idaho at 482, 138 P. at 829.[4]

■ Accordingly, the fact Hawkins Co., Ltd. was liable to claimants does not preclude the liability of Jerry Hawkins for torts committed in his individual capacity. The fact such alleged torts may have been committed on behalf of the corporation, and not to the benefit of Jerry Hawkins personally, is not dispositive. Finally, the existence of the corporate veil does not

1. Rule 3001 provides in pertinent part: Evidentiary Effect. A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim. F.R.B.P. 3001(f).

2. *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir.1991) (quoting 3 L. King, Collier on Bankruptcy ¶ 502.02, at 502–22 (15th ed. 1991) (debtor's objection to proof of claim as containing unmatured interest was overruled for failure to meet burden of proof)).

3. Moreover, the Court notes that one element of the crimes involved was intent by Jerry Hawkins to defraud. Court Minutes, Jan. 16, 1992, *State v. Hawkins*, Case No. CR91–00976 (Dist. Ct., 3d Judicial Dist., County of Twin Falls) (transcript of court acceptance of plea bargain).

4. *See also Hulse v. Consolidated Quicksilver Mining Corp.*, 65 Idaho 768, 154 P.2d 149, 154 (1944); 3A S. Flanagan, Fletcher Cyclopedia of Corporations § 1135 (Supp.1991).

preclude the liability of Jerry Hawkins to claimants for torts allegedly committed against them.

■ Claimants have alleged Jerry Hawkins converted or otherwise caused the loss of the claimants' beans. Conversion is defined in Idaho as:

"any distinct act of dominion wrongfully exerted over another's personal property in denial or inconsistent with his rights therein, such as a tortious taking of another's chattel, or any wrongful exercise ... over another's goods, depriving him of their possession, permanently or for an indefinite time." *Klam v. Koppel*, 63 Idaho 171, 118 P.2d 729 (1941). Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the rights of another to control it that the actor may justly be required to pay the other the full value of the chattel. Restatement (Second) of Torts, § 222A, (1965).

*Gissel v. State*, 111 Idaho 725, 727, 727 P.2d 1153, 1155 (1986) (holding state liable for conversion). The deposit of beans with a grain elevator constitutes a bailment (unless the beans were sold to the warehouse), and title to the beans remains with the depositor. *In re Hawkins Co., Ltd.*, 104 B.R. 317, 319–20 (Bankr.D.Idaho 1989). Claimants have presented documents to support their deposit of beans with Hawkins Co., Ltd., and have alleged Jerry Hawkins converted these beans. There is nothing on the record inconsistent with claimants' allegations, and the trustee has presented no evidence to show the claims are not valid, other than the fact the claimants may have received payment of a portion of their claims from the Hawkins, Ltd. case. Given the prima facie nature of the proofs of claim and the burden of proof, this objection of the trustee will be denied.

■ The third argument proposed by the trustee, relating to claimants' submission of the claim against Hawkins Co., Ltd., and their receipt of payment thereon, implicates *res judicata* concerns. Specifically, the trustee appears to argue claimants are subject to claim preclusion, their entire cause of action having been disposed of in the claims process against Hawkins Co., Ltd. However, *res judicata* is not binding here.

Under res judicata a judgment on the merits in a prior suit bars a second suit, involving the same parties or their privies, based on the same cause of action. *See Nevada v. United States*, 463 U.S. 110, 129–30, 103 S.Ct. 2906, 2917–18, 77 L.Ed.2d 509 (1983); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979).[5]

The claims presented here do not involve the same parties or their privities, the debtors being separate entities from Hawkins Co., Ltd. As a result, the claims presented against Hawkins Co., Ltd. do not act to merge or bar the present cause of action.[6]

■ Claimants, however, may not recover to the extent they have already been paid as a result of the Hawkins Co., Ltd. bankruptcy. Consequently, the claims are disallowed to the extent of any such payment. It is noted the claimants were ordered to submit amended claims containing documentation of the claims and affording credit for any distribution received from the Hawkins, Ltd. chapter 11 case, and the bank claimants have done so. The other claimants will be afforded additional time to file amended claims.

■ Claimants further allege a right to priority treatment under 11 U.S.C.

5. *Internat'l Ass'n of Machinists v. Boeing Co.*, 833 F.2d 165, 171 (9th Cir.1987) (union was not bound by *res judicata* in challenge to religious accommodation provision of Title VII, where union had previously litigated constitutionality of that statute against same employer with regard to different employee).

6. *See United States v. Blumenfeld*, 128 B.R. 918, 925 (E.D.Pa.1991) (*res judicata* did not operate to preclude action by HUD against partners of limited partnership in their individual capacities, where HUD had previously submitted claim against partnership in bankruptcy); 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4407, at 53 (1981) (with regard to claim preclusion, "[a] single plaintiff likewise has as many causes of action as there are defendants to pursue").

§ 507(a)(5)(A).[7] It is concluded claimants are not entitled to such a priority. First, the priority granted is against a "debtor who owns or operates a grain storage facility." The debtors here neither owned nor operated the grain storage facility; rather, it was Hawkins Co., Ltd. that did so. The grain elevator and its contents were distributed in the Hawkins Co., Ltd. bankruptcy, and are not part of the estate of these debtors. Second, the priority is limited to $2,000 "for each such individual." It would violate the language of the statute to hold these claimants could obtain two priority payments for the same grain: one from Hawkins Co., Ltd., and a second from the debtors. Third, the priority is for "grain or the proceeds of grain." As already alluded to *supra*, both the grain and the grain proceeds were property of the Hawkins Co., Ltd. bankruptcy estate, and not of the debtors. As a result, claimants cannot assert a priority on this basis against the debtors.

In summary, it is held the trustee's objections to the proofs of claim are overruled, and that claimants' claims are allowed to the extent that they have not been paid out of the Hawkins Co., Ltd. bankruptcy. The claims are denied priority status under 11 U.S.C. § 507(a)(5)(A).

If the trustee, however, wishes to contest the claims on their factual merits, upon his application an order of reconsideration will be entered under F.R.B.P. 3008.

A separate order will be entered.

---

7. Section 507 provides in its pertinent part:
 (a) The following expenses and claims have priority in the following order:
 \* \* \* \* \* \*
 (5) Fifth, allowed unsecured claims of persons—
 (A) engaged in the production or raising of grain, as defined in section 557(b)(1) of this title, against a debtor who owns or operates a grain storage facility, as defined in section 557(b)(2) of this title, for grain or the proceeds of grain ...
 but only to the extent of $2,000 for each such individual.
 11 U.S.C. § 507(a)(5)(A).