**In re SOVEREIGN PARTNERS, Debtor.**

**SOVEREIGN PARTNERS, Appellant,**

v.

**Dorin M. LASCU, an individual; Omni Development, Inc., a Nevada corporation; Wings Hotel Limited Partnership, a Nevada limited partnership; W.G.I., Inc., an unknown or fictitious entity; Circle J Corporation, an unknown or fictitious entity; John Probandt, an individual; KURT DAVIS, an individual; DOES 1 through 50, Appellees.**

Bankruptcy Nos. CV–S–94–598–PMP (RLH), CV–S–94–611–PMP (RLH).

Adv.Nos. 92–2084, 92–2087.

United States District Court, D. Nevada.

March 22, 1995.

David W. Huston, McDonald, Carano, Wilson, McCune, Bergin, Frankovich & Hicks, Las Vegas, NV, for Sovereign Partners.

Ronald E. Gregg, Santa Ana, CA.

Donald E. Brookhyser, Jolley, Urga, Wirth & Woodbury, Las Vegas, NV, for Circle J. Holdings.

*OPINION*

PRO, District Judge.

## I.  Background

On November 20, 1989, the United States Air Force granted to Dorin Lascu a 40-year "ground lease" at Nellis Air Force Base in Las Vegas, Nevada (the "Lease"). The Lease allowed Lascu to construct a hotel facility for visiting Air Force personnel (the "Project"). Findings of Fact entered June 8, 1992 (# 30), para. 4 and 5. Under the terms of the Lease, Lascu had to obtain financing acceptable to the Government. Findings of Fact (# 30), para. 6 and 7. Lascu could not transfer or assign the Lease without the Government's consent. Findings of Fact (# 30), para. 6 and 7. Lascu subsequently assigned the Lease to Omni Development, Inc. ("Omni"), a corporation wholly-owned by Lascu, with the Air Force's consent. Findings of Fact (# 30), para. 9.

Lascu met with Joseph and John Kealy and the three entered into an agreement to develop the Project. Tr., Vol. II, pp. 73–4. The Kealys supervised design and bid solicitation for the hotel, and attempted to obtain financing for the Project. Tr., Vol. II, pp. 83.

Beginning in November 1990, Lascu also attempted to obtain financing for the Project. On November 15, 1990, Lascu executed a pre-partnership agreement with Ranbir Sanhi. Findings of Fact (# 30), para. 11–12. The agreement required Sanhi to obtain a written commitment for financing and provided that the parties would use Sovereign Partners as the vehicle to complete the Project. Findings of Fact (# 30), para. 16. If Sovereign could not obtain financing for the Project, then Lascu was free to seek third party financing. Findings of Fact (# 30), para. 16.

Sovereign could not obtain financing acceptable to the Air Force as required under the Lease. Findings of Fact (# 30), para. 17 and 18.

In December, 1991, Lascu arranged for financing acceptable to the Air Force. Findings of Fact (# 30), para. 21 and 22. The Wings Hotel Limited Partnership, a Nevada Limited Partnership ("Wings"), was formed for the purpose of developing the Project. Omni assigned the Lease to Wings with the written consent of the Air Force. Findings of Fact (# 30), para. 23–25.

Wings contacted the Kealys and Joseph Zerbib in December 1991 and asked that those individuals become involved again in the Project. Tr. Vol. II, p. 88. Wings informed the three individuals that Sovereign was no longer involved. Tr. Vol. II, p. 95.

The three individuals formed Circle J, whose responsibilities included design supervision and construction management. Tr. Vol. II, p. 98. Originally, Wings and Circle J agreed that Circle J would receive a fee as compensation for the construction management activities of the Project. Tr. Vol. II, p. 91. Later, however, Wings agreed to grant Circle J a limited partnership interest in

Wings. Circle J then incorporated and the limited partnership agreement was amended in June 1992. Tr. Vol. II, pp. 92–94.

Sovereign then instituted an action in California Superior Court seeking to restrain Omni from going forward with financing arrangements. The court denied Sovereign's motion for preliminary injunction. Findings of Fact (# 30), para. 27 and 28.

Sovereign Partners then filed its petition under Chapter 11 of the Bankruptcy Code on February 29, 1992. *See* 11 U.S.C. § 101 *et seq.* Sovereign then filed an adversary proceeding against Omni and other defendants seeking to quiet title and declare its interest in the Lease. Sovereign asserted five causes of action: (1) quiet title; (2) declaratory relief; (3) breach of fiduciary duty; (4) constructive trust and accounting; and (5) intentional interference with prospective business advantage. The Bankruptcy Court had jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 362, 363, 365 and 552(b) (1994).

United States Bankruptcy Court Judge R. Clive Jones, upon a hearing for motion for preliminary injunction, ruled that Sovereign did not have a property interest in the Lease, and so denied Sovereign's causes of action for a judgment quieting title and for declaratory relief. Judge Jones entered judgment in accordance with these rulings on June 8, 1992.

The automatic reference of the adversary proceeding was subsequently withdrawn, and Sovereign filed a motion for summary judgment, or alternatively, for reconsideration. United States District Court Judge Lloyd D. George denied these motions, dismissing as moot the First and Second Causes of Action since a Lease no longer existed. The Ninth Circuit affirmed the judgment.

After the entry of Judge George's order, the attorney representing the defendants withdrew. Circle J retained new counsel. Judge George entered a default judgment against the other defendants and then referred the case to the bankruptcy court.

Judge Jones tried the remaining claims for relief,[1] and ruled in favor of Defendant Circle J on April 4, 1994. Sovereign timely filed its Notice of Appeal on June 24, 1994. *See* 28 U.S.C. § 158(c) (1994); United States Bankruptcy Rule 8002; Fed.R.App.P. 4(a)(1). The Court has jurisdiction over this appeal under 28 U.S.C. § 158(a) (1994).

## II  Discussion

### A.  Standard of Review

The Court reviews the Bankruptcy Court's findings of fact for clear error. *Mitsui Mfrs. Bank v. Unicom Computers Corp. (In re Unicom Computer Corp.)*, 13 F.3d 321, 323 (9th Cir.1994); *In re Bloom*, 875 F.2d 224, 227 (9th Cir.1989). The Court reviews conclusions as to the availability of res judicata de novo. *In re Lockard*, 884 F.2d 1171, 1174 (9th Cir.1989).

### B.  Res Judicata

Sovereign asserts that Defendant Circle J is bound by the default judgment entered against the other defendants under the doctrine of claim preclusion. The doctrine of *res judicata* includes claim and issue preclusion. *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir.1988). As defined by the Ninth Circuit,

Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action. [It] prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.

*Id.* at 321–322 (internal citations and quotations omitted). A decision in a previous case will constitute a bar to a later case if (1) the parties to the later lawsuit are the same or are in privity with those in the earlier lawsuit; (2) the later suit alleges the same cause of action as the earlier suit; and (3) a court of competent jurisdiction entered a valid final judgment on the merits in the earlier suit.

1. Sovereign abandoned its Fourth Claim for Relief at trial. Findings of Fact dated May 27, 1994

(# 30), para. 3.

*Federated Dept. Stores v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2427–28, 69 L.Ed.2d 103 (1981); *Davis & Cox v. Summa Corp.,* 751 F.2d 1507, 1518 (9th Cir.1985).

Sovereign asserts that the refusal of Judge Jones to apply the doctrine of res judicata against Circle J on the third and fifth claims for relief as a result of the default judgment entered against Wings was in error.

■■■ The conclusive effect of a judgment applies to nonparties who are in privity with parties to the action. *United States v. ITT Rayonier, Inc.,* 627 F.2d 996, 1003 (9th Cir. 1980). A privy is one "who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase." *Wells v. Davis,* 226 Kan. 586, 603 P.2d 180, 183 (1979); *see Bernhard v. Bank of America,* 19 Cal.2d 807, 122 P.2d 892, 894 (1942).

■■■ In general, limited partners are not in privity with the partnership. *Ames v. Uranus,* 1993 WL 299241 *6, 1993 U.S.Dist. LEXIS 10850 *23–24 (D.Kan.1993). *Accord, Dillard v. McKnight,* 34 Cal.2d 209, 209 P.2d 387, 391 (1949) ("partners are not in such privity with one another that a judgment against one partner in an action brought against him personally on a tort arising out of the partnership business is res judicata when the same issues are raised in a subsequent litigation against another partner."); *see also United States v. Blumenfeld,* 128 B.R. 918, 925 (E.D.Pa.1991) (claim preclusion did not operate to preclude action by HUD against general partners of limited partnership in their individual capacities, where HUD had previously submitted claim against partnership in bankruptcy); Restatement (Second) of Judgments, § 60, cmt. b (1982).[2]

■■■ Sovereign asserts that because Circle J had a financial interest in the outcome of the litigation and arguably asserted control over the previous litigation it must be bound by the default judgment. Nonparties are precluded when they "assume control over litigation in which they have a direct financial or proprietary interest and then seek to redetermine issues previously resolved." *Montana v. United States,* 440 U.S. 147, 154, 99 S.Ct. 970, 974, 59 L.Ed.2d 210 (1979). However, preclusion of these parties "falls under the rubric of collateral estoppel rather than res judicata because the latter doctrine presupposes identity between causes of action. And the cause of action which a nonparty has vicariously asserted differs by definition from that which he subsequently seeks to litigate in his own right." *Id.;* see also Restatement (Second) of Judgments, § 39, cmt. b (1982) (limiting rules regarding control over previous litigation to issues of collateral estoppel). Accordingly, the Court finds no merit to Sovereign's contentions.[3]

■■■ Sovereign asserts that Judge Jones did find that Circle J was in privity with Wings as a limited partner to the default judgment and therefore erroneously ruled that res judicata did not apply. Judge Jones' conclusion that Circle J, was in "privity" with Wings related to Judge Jones' conclusion that Circle J, as a limited partner of Wings, could not collaterally attack the judgment against Wings.[4] This finding is in accor-

**2.** Comment b to § 60 of the Restatement (Second) Judgments states:

b. *Limited partners.* In jurisdictions that recognize limited partnership, a limited partner is treated as a passive investor in the enterprise. He may not act for the partnership and his liability for partnership obligations is limited to his investment in the partnership. When a judgment is rendered against a partnership having a limited partner, it binds the limited partner so far as his investment is concerned, but not otherwise.

**3.** Further, even were the Court to consider these factors, Sovereign only points to the evidence that Joseph Zerbib and the Kealy brothers paid the legal fees of the other defendants. *See* Transcript, Vol. I(B), pp. 3–6. This is not enough to establish that counsel in the first action was directly responsible to Circle J and that Circle J had effective choice as to legal theories and proofs advanced in the previous suit. *See Virginia Hosp. Ass'n v. Baliles,* 830 F.2d 1308, 1313 (4th Cir.1987), appeal after remand, 868 F.2d 653 (4th Cir.1989); *Benson and Ford, Inc. v. Wanda Petroleum Co.,* 833 F.2d 1172, 1174 (5th Cir.1987); Restatement (Second) of Judgments, § 39, cmt. c.

**4.** Judge Jones stated as follows:

I would reject as a ruling of law an argument that res judicata and privity would apply here to impose direct liability for the judgment already entered upon Defendant Circle J. If on the other hand what your argument is is that they are

dance with established principles of res judicata and agency. *See* comment b, § 60 "when a judgment is rendered against a limited partnership, it binds the limited partner so far as his investment is concerned, but not otherwise."; *ITT Rayonier*, 627 F.2d at 1001 ("judgment against one partner on a partnership obligation may be res judicata of the liability of another partner").

■ Further, Sovereign did not assert liability against Circle J in the present matter in its role as a limited partner of Wings.[5] Sovereign asserted liability against Circle J as a separate tortfeasor and entity. A party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity. Restatement (Second) of Judgments, § 36 (1982). *See Montana v. United States*, 440 U.S. at 154; 99 S.Ct. at 974; *In re Hawkins*, 144 B.R. 481, 484 (Bankr.D.Idaho 1992) (liability of the limited partnership does not preclude liability of president, director and officer of limited partnership for torts committed in his individual capacity).

■ Sovereign finally asserts that it was improper for the Bankruptcy Judge to "overrule" the District Court.[6] However, the default judgment was entered against the other defendants, and not against Circle J. The default judgment cannot supersede the prior findings as they apply to Circle J. Accord-

ingly, the Court finds no merit to this contention of Sovereign.

The Bankruptcy Court did not err in refusing to apply the doctrine of res judicata. The Court therefore affirms the decision of the Bankruptcy Court.

### C. Assisting in Breach of Fiduciary Duty

■ To establish the tort of assisting in the violation of a fiduciary duty, a Plaintiff must prove (1) the breach of a fiduciary duty; (2) Defendant knowingly induced or participated in the breach; (3) Plaintiff suffered damages as a result. *Whitney v. Citibank, N.A.*, 782 F.2d 1106, 1115 (2d Cir.1986); *see Donovan v. Schmoutey*, 592 F.Supp. 1361, 1396 (D.Nev.1984); *see* Restatement (Second) of Torts, § 874, cmt c (1979); Restatement (Second) of Torts, § 876 (1979). A plaintiff must establish a proximate cause between the Defendant's conduct and the loss incurred by the complaining party. *LaHue v. Keystone Inv. Co.*, 6 Wash.App. 765, 496 P.2d 343, 354 (1972), *review denied*, 81 Wash.2d 1003 (1972).

### 1. Knowing Participation in Breach

■ Sovereign asserts that Circle J knew of Sovereign's interest in the Project and knew of Lascu's (Omni's) fiduciary duty to Sovereign. Wings knew of the possibility that Sovereign would litigate its claims in the Project and perceived a need to amass a "war chest" of funds to defend the anticipat-

---

bound as a party in privity—in fact they were a party, and are a party to the lawsuit—to the judgment against Wings, I fully accept that argument. In other words, they could not collaterally or in a subsequent effort—for example, in a direct lawsuit against the individuals here or against Circle J, they could not attempt to say there is no judgment against Wings. They were, of course, to that extent parties in privity; in fact, they were parties in privity by some other agreement as well.

But that does not—they nevertheless are parties of the lawsuit, they have their own right to defend the lawsuit. And accordingly I have to reject an argument that says res judicata and privity means that they are liable without further—simply as a result of the judgment entered into against Wings.

Tr., Ruling, pp. 3–4.

5. Had Sovereign asserted liability against Circle J as a limited partner of Wings, Circle J would have been protected by the provisions of Nev. Rev.Stats. § 88.430(1) which provides that a limited partner is not liable for the obligations of the partnership. *See* Nev.Rev.Stats. § 88.430(1) (1993).

6. In its May 27, 1994, Findings of Fact, the Bankruptcy Court found that its previous June 8, 1992 Findings of Fact and Conclusions of Law "remained binding between the parties to the extent not contradicted by findings herein." May 27, 1994, Findings of Fact, para. 1.

On March 23, 1993, the United States District Court entered a default judgment against the Wings Defendants. Sovereign asserts that the default judgment superseded the previous Findings of Fact and that the subsequent May 27, 1994 Findings of Fact were improper.

ed litigation. Further, the record establishes that Circle J provided the operating capital for Wings, including the payment of attorney's fees. Tr. Vol. I(B), pp. 3–6. Sovereign asserts that by providing the capital to Wings, Circle J somehow managed to assist Lascu and Omni in allegedly breaching a duty to Sovereign.

The Bankruptcy Judge found that Circle J was not involved in the management of the partnership and that Circle J was not privy to knowledge about the litigation with Sovereign. Findings of Fact dated May 27, 1994, para. 16. The record does not establish that Circle J controlled the use of the money provided to Wings. Absent a showing that Circle J controlled the use of the money provided to Wings, Sovereign has not established a knowing inducement or assistance in the breach of a fiduciary duty. *See Whitney,* 782 F.2d at 1115. The Court will not upset the findings of the Bankruptcy Court.

### 2. Damages

One who assists in the breach of a fiduciary relationship is liable as a tortfeasor only for the damages caused by his conduct. *S & K Sales Co. v. Nike, Inc.,* 816 F.2d 843, 851 (2d Cir.1987) (applying New York law); *see also Ballantine v. Ferretti,* 28 N.Y.S.2d 668, 691 (1941); Restatement (Second) of Torts, § 874, cmt. c (a third party who knowingly assists a fiduciary in a breach of trust is liable for harm caused).

Sovereign offered a cash flow projection prepared for the solicitation of financing as evidence of the damage it suffered. Tr. Vol. I(A), pp. 25–28. However, evidence at trial indicated that Sovereign did not realize any profits from the Project because it failed in its own attempts to finance the Project. Tr. Vol. I(A), pp. 10–11, 20–21, 36. Sovereign did not show a causal relationship between the damage it suffered and Circle J's conduct. As a result, Sovereign cannot recover for this tort. The Bankruptcy Judge did not err in finding in favor of Circle J.

### D. Intentional Interference with Prospective Business Advantage

To establish the tort of intentional interference with prospective business advantage, a Plaintiff must show: "(1) a prospective contractual relationship between the plaintiff and a third party; (2) the defendant's knowledge of this prospective relationship; (3) the intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and, (5) actual harm to the plaintiff as a result of the defendant's conduct." *Leavitt v. Leisure Sports, Inc.,* 103 Nev. 81, 734 P.2d 1221, 1225 (1987), citing *Buckaloo v. Johnson,* 14 Cal.3d 815, 122 Cal.Rptr. 745, 752, 537 P.2d 865, 872 (1975).

### 1. Prospective Contractual Relationship

At trial, Mr. Graham testified that Sovereign could not obtain consent from the Air Force to the assignment of the Lease; Sovereign did not obtain a binding commitment letter from any lender; and Sovereign could not obtain adequate financial risk insurance required by its financing concept. Tr. Vol. I(A), pp. 10, 20–21, 29, 36–37. Absent these elements, no prospective contractual relationship is possible. *See Leavitt,* 734 P.2d at 1225.

### 2. Intent to Harm the Plaintiff

According to the testimony of Kealy, he understood that Sovereign was no longer involved in the Project, and that therefore Lascu and Omni owed no duty to Sovereign. *See* Tr., Vol. II, pp. 11–12. Absent knowledge of any duty to Sovereign, Circle J cannot be said to possess the intent to harm Sovereign. Accordingly, the Bankruptcy Court's decision is affirmed.

### E. Denial of 41(b) Motion

At the end of Sovereign's case, Circle J moved for an involuntary dismissal pursuant to Rule 41(b) [7] based on the failure to present a prima facie case. Tr., Vol. II, p. 14. The Bankruptcy Court denied the mo-

---

7. Fed.R.Civ.P. 41(b) states:
   For failure of the plaintiff to prosecute or to comply with these rules or any order of court,

a defendant may move for dismissal of an action or of any claim against the defendant. . . .

tion in order to listen to the entire case. Tr., Vol. II, p. 70.

At the conclusion of the trial, the Bankruptcy court ruled that Plaintiff had not met its burden of proof. Sovereign asserts that this flip-flop constitutes reversible error.

A prima facie case is determined by viewing the evidence in the light most favorable to Plaintiff, and is only significant in a jury case. *Ellis v. Carter,* 328 F.2d 573 (9th Cir.1964). Even if the Plaintiff has established a prima facie case, the judge may weigh the evidence, resolve conflicts and determine whether the Plaintiff has established its case by a preponderance of the evidence. *Ellis,* 328 F.2d at 577; *Johnson v. United States Postal Service,* 756 F.2d 1461, 1464 (9th Cir.1985).

Further, the granting of a motion to dismiss is discretionary. *See Riegel Fiber Corp. v. Anderson Gin Company,* 512 F.2d 784 (5th Cir.1975). As a result, even if Sovereign established a prima facie case, it is within the discretion of the Bankruptcy Judge to deny the motion to dismiss.

IT IS THEREFORE ORDERED THAT the Findings of Fact and Conclusions of Law entered by the Bankruptcy Court on May 27, 1994 in favor of Circle J is AFFIRMED.